## Transylvania Casualty Insurance Company v. Allen's Administrator.

(Decided January 31, 1919.)

### Appeal from Ohio Circuit Court.

Insurance—Accident Insurance—Trial by Court—Finding of Facts —Sufficiency—Conclusion of Law.—In a suit on an accident policy, the trial court's finding of fact, that decedent's hernia was suddenly enlarged, was not sufficient to support the conclusion that the enlargment of the hernia was due to bodily injuries effected through external, violent and accidental means.

JOHN P. HASWELL for appellant.

WOODWARD & KIRK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting appeal and reversing.

Edward T. Allen's administrator brought this suit against the Transylvania Casualty Insurance Company to recover on an accident policy issued to the decedent. On submission of the law and facts to the court, judgment was rendered in favor of the plaintiff for $330.00, and the defendant prays an appeal.

By the policy in question, the defendant agreed to indemnify the decedent as follows:

"ACCIDENT INDEMNITY.

"(A) At the rate of thirty dollars per month, for a period not exceeding twenty-four consecutive months

against total loss of time resulting directly and independently of all other causes from bodily injuries effected through external, violent and accidental means, and which wholly and continuously from date of accident disable and prevent the assured from performing every duty pertaining to any business or occupation.

"(B) Or, if such injuries shall wholly and continuously from date of accident disable and prevent the assured from performing one or more important daily duties pertaining to his occupation, or in event of like disability immediately following total disability, the company will pay the assured for the period of such disability, not exceeding six (6) consecutive months, forty per cent. of the rate specified in paragraph (A); provided, the maximum period for which indemnity shall be paid under paragraphs (A) and (B) hereof shall not exceed twenty-four consecutive months for any one injury."

The only question we deem it necessary to consider is whether the facts found by the trial court are sufficient to support his finding that the enlargement of the hernia, from which the decedent was suffering, resulted independently of all other causes from bodily injuries effected through external, violent and accidental means.

Plaintiff's evidence tends to show that the decedent was suffering from hernia at the time the policy was issued, and that this fact was known to defendant's agent. There was further proof to the effect that up to a certain time the hernia was the size of an egg, and that a day or two later it was the size of a half-gallon cup. There was an attempt to show that in the meantime the decedent had been thrown from a runaway wagon, but the testimony on this question was given by witnesses who had no personal knowledge of the facts to which they testified. Prior to the submission of the case, an amended petition was filed withdrawing the allegation that decedent's injuries were inflicted by a fall from a wagon.

The trial court's finding of facts and conclusions of law are as follows:

"The court finds the fact to be that on the 19th day of May, 1915, the plaintiff, E. T. Allen, was suffering from hernia, developed to the extent of the size of an egg (of which fact defendant's agent, who took his application for the policy sued on, had knowledge at that

time) and on the following day said hernia had developed to the size of a half-gallon cup, and there being no evidence to show the cause of such injured condition, or that it was the result of any natural cause, the court concludes from the evidence that it was caused by some unnatural means, presumably external, and further finds the fact to be that by reason of condition of plaintiff, he was incapacitated from all kinds of work, for a period of —— months immediately succeeding May 20th, 1915.

"And I conclude as matter of law, under the facts aforesaid, that plaintiffs are entitled to recover of defendant, the sum of $330.00, and their cost in this action expended."

In order to entitle plaintiff to recover, it was necessary to show that the decedent's loss of time resulted directly, and independently of all other causes, from bodily injuries effected through external, violent and accidental means. This he could do, either by direct evidence or by proof of facts from which such a conclusion would reasonably and naturally follow.

The trial court found the fact to be that on the 19th day of May, 1915, plaintiff was suffering from a hernia about as large as the size of an egg, but that on the following day the hernia had developed to the size of a half-gallon cup. There being no evidence to show the cause of such injured condition, or that it was the result of any natural causes, the court concluded that it was caused by some unnatural means, presumably external. In other words, the court held that the mere proof of the sudden enlargement of the hernia was sufficient to raise the presumption that the enlargement was caused by external, violent and accidental means. A case might arise, where the character of the injury was such that it could not have been caused in any other way than by external, violent and accidental means, but we are not prepared, in the absence of evidence showing how hernia may be caused or enlarged, to hold that mere proof of its sudden enlargement is sufficient to place on the defendant the burden of showing that it was due to some natural or internal cause. As the case was presented, the evidence was as consistent with the theory that the hernia was enlarged by natural causes, as by external, violent and accidental means. That being true, plaintiff, in order to maintain the burden of proof, should have introduced evidence tending to negative the

theory that the sudden enlargement of the hernia was due to causes, for which no indemnity was provided by the contract. We, therefore, conclude that the facts found by the trial court were not sufficient to support the conclusion that the decedent's loss of time resulted directly, and independently of all other causes, from bodily injuries effected through external, violent and accidental means.

Wherefore the appeal is granted and the judgment is reversed and cause remanded for a new trial consistent with this opinion.